James J. Moak (Bar No. 82393)
jmoak@mmhllp.com
Charles K. Chineduh (Bar No. 273258)
cchineduh@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500
Los Angeles, California 90017-2611
Telephone: (213) 620-0300
Facsimile: (213) 625-1930

Attorneys for Defendant
MINNESOTA LIFE INSURANCE COMPANY
(erroneously sued and served herein as
MINNESOTA LIFE)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH SCHONBAK, | Case No. **'15CV1018 GPC KSC** |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |
| vs. | |
| MINNESOTA LIFE, a Delaware corporation; and TRIBUNE COMPANY, a Delaware corporation, | [San Diego County Superior Court Case No. 37-2015-00011087-CU-BC-CTL] |
| Defendants. | Complaint filed: April 1, 2015 |

TO THE DISTRICT COURT OF THE UNITED STATES, SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant MINNESOTA LIFE INSURANCE COMPANY (erroneously sued herein as MINNESOTA LIFE) ("Minnesota Life") hereby removes the above-captioned civil action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

143251.1

1

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

This removal is based on the following grounds:

## I. TIMELINESS; PROCEDURAL REQUIREMENTS

1. On April 1, 2015, Plaintiff DEBORAH SCHONBAK ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California for the County of San Diego, Case No: 37-2015-00011087-CU-BC-CTL. The California Superior Court for the County of San Diego is located within the Southern District of California. 28 U.S.C. § 84(d). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

2. Plaintiff served a copy of the Summons and Complaint on Minnesota Life on April 7, 2015. True and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Minnesota Life are attached hereto.

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Minnesota Life has filed this Notice of Removal within 30 days of being served with the Summons and Complaint and within 1 year of the commencement of this action. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons …").

4. Defendant TRIBUNE COMPANY ("Tribune") consents to the removal of this action.

5. All defendants required to consent to this removal so consent. 28 U.S.C. § 1446(b)(2). All other defendants are fictitiously named and need not be considered for purposes of removal. 28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION - ERISA PREEMPTION

6. This action has been removed to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). Minnesota Life alleges that Plaintiff's lawsuit is one to recover certain life insurance benefits under a group term

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

143251.1

2

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

life insurance policy, policy number 33803-G, issued by Minnesota Life to Tribune (the "Policy"). (Complaint, ¶¶ 12-14, Exhibit 1 thereto).

7. Minnesota Life alleges that the Policy is an employee welfare benefit plan subject to, and governed by, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Thus, this lawsuit is one of a civil nature over which the United States District Court has original jurisdiction.

8. 29 U.S.C. § 1003(a) provides that ERISA "shall apply to any employee benefit plan if it is established or maintained - (1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1). Minnesota Life alleges that the Policy was an "employee benefit plan" established or maintained by an employer engaged in commerce or in an industry or activity affecting commerce, *i.e.*, Tribune. Minnesota Life also alleges that the Policy is not excluded from ERISA coverage under the provisions of 29 U.S.C. § 1003(b).

9. 29 U.S.C. § 1002(1) defines "employee welfare benefit plan" and "welfare plan" as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained **by an employer** … for the purpose of providing for its **participants** or their **beneficiaries**, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, **death** or unemployment …

29 U.S.C. § 1002(1) (emphasis added).

10. 29 U.S.C. § 1002(5) defines the term "employer" as:

> [A]ny person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5).

11. 29 U.S.C. § 1002(7) defines the term "participant" as:

> [A]ny employee or former employee of an employer…who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer … or whose **beneficiaries** may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (emphasis added).

12. 29 U.S.C. § 1002(8) defines the term "beneficiary" as:

> [A] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(8).

13. Plaintiff alleges that Mr. Raymond J. Schonbak ("Mr. Schonbak"), as a former employee of Tribune and pursuant to the "employee benefit program at Tribune" was eligible for certain life insurance coverage under the Policy. (Complaint, ¶¶ 1, 11-13). As an employee of Tribune, Mr. Schonbak was a participant under the Policy. (Complaint, ¶ 11). Plaintiff further alleges that Plaintiff was Mr. Schonbak's designated beneficiary under the Policy. (Complaint, ¶ 14). Thus, Tribune, an employer pursuant to 29 U.S.C. § 1002(5), made available to Mr. Schonbak, a participant pursuant to 29 U.S.C. § 1002(7), an employee welfare benefit plan providing life insurance benefits in the event of death pursuant to 29 U.S.C. § 1002(1).

14. Based upon the foregoing, Minnesota Life alleges that Plaintiff's claims are governed by ERISA, as the life insurance benefits which Plaintiff seeks in this action were to be provided, if at all, to a "beneficiary" designated by a "participant" under an "employee welfare benefit plan" provided by an "employer" within the meaning of ERISA.

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

143251.1

4

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

15. As Plaintiff's lawsuit is one to recover certain life insurance benefits under a Policy governed by ERISA, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) ("Complete preemption under § 502(a) [of ERISA] is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim.") (internal citations omitted). Accordingly, by virtue of the provisions of 28 U.S.C. § 1441(a), this action may be removed to this Court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (finding that state law claims that are within the scope of § 502(a) of ERISA are "necessarily federal in character by virtue of the clearly manifested intent of Congress," and are removable to federal court pursuant to 28 U.S.C. § 1441); *Pearson v. Prudential Health Care Plan of California, Inc.*, 942 F.Supp. 1284, 1286 (E.D. Cal. 1996) ("ERISA renders state-law contract and tort claims removable if those claims (1) relate to an employee benefit plan under 29 U.S.C. § 1144(a), and (2) come within ERISA's civil enforcement provisions found at 29 U.S.C. § 1132(a).") (internal quotations omitted).

### III. DIVERSITY JURISDICTION

16. Alternatively, this action is also being removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441(b), and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, removal of this action is proper pursuant to 28 U.S.C. § 1441(b).

### A. Citizenship of Plaintiff

17. Minnesota Life alleges, based upon information and belief, that "[a]t all times relevant to [Mr.] Schonbak's procurement of the [Minnesota Life Policy] and continuing until [Mr.] Schonbak's death, … both [Mr.] Schonbak and Plaintiff were residents of San Diego, California," as alleged in Plaintiff's Complaint. (Complaint,

¶ 5). Minnesota Life further alleges that Plaintiff is now a "resident of the State of Georgia" as alleged in Plaintiff's Complaint. (*Id.*).

### B. Citizenship of Defendants

18. Minnesota Life is, and at all times relevant herein, was a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnesota.

19. Minnesota Life alleges, based upon information and belief, that Defendant Tribune is, and at all times relevant herein, was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Illinois.

### C. Doe Defendants

20. Does 1 through 50, named by Plaintiff as defendants in her Complaint, should be disregarded for the purpose of determining whether removal is proper on diversity grounds. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

### D. Amount in Controversy

21. Plaintiff alleges that she is entitled to receive $1,507,000.00 in supplemental life insurance benefits under the Policy. (Complaint, ¶¶ 13, 31, 50). Thus, the damages Plaintiff seeks, exclusive of interest and costs, clearly exceed the $75,000 jurisdictional minimum required by 28 U.S.C. § 1332(a).

## IV. NOTICE

22. Proper notice will be given this date to all parties herein by and through their attorneys of record, and to the clerk of the Superior Court for the State of California, County of San Diego. A true and correct copy of the Notice is attached hereto and by this reference incorporated as if set forth in full.

///

///

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

143251.1

6

Case No.
NOTICE OF REMOVAL OF ACTION TO
UNITED STATES DISTRICT COURT

WHEREFORE, Minnesota Life prays that this matter pending in the Superior Court of the State of California, County of San Diego, be removed to this Court.

Dated: May 7, 2015

MESERVE, MUMPER & HUGHES LLP
James J. Moak
Charles K. Chineduh

By: /s/ *Charles K. Chineduh*
Charles K. Chineduh
Attorneys for Defendant
MINNESOTA LIFE INSURANCE COMPANY (erroneously sued herein as MINNESOTA LIFE)